# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **ISAAC PEREZ ZELAYA,**<br><br>***Petitioner*,**<br><br>**v.**<br><br>**MARKWAYNE MULLIN, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY (DHS); TODD M. LYONS, ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE); DEREK GORDON, ACTING EXECUTIVE ASSOCIATE DIRECTOR, HOMELAND SECURITY INVESTIGATIONS (HSI), U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE); MARCOS CHARLES, ACTING EXECUTIVE ASSOCIATE DIRECTOR, ENFORCEMENT AND REMOVAL OPERATIONS (ERO), U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE); AND WARDEN, ERO EL PASO CAMP EAST MONTANA;**<br><br>***Respondents*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 3:26-CV-01536-LS** |

**<u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Petitioner brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging Petitioner's detention by Immigration and Customs Enforcement ("ICE").[1] Because the Court determines that Petitioner has received a bond hearing under 8 U.S.C. § 1226(a), the Court will deny the petition.

---

[1] ECF No. 1.

8 U.S.C. § 1226(a) allows, but does not require, the Attorney General to release an alien on bond.[2] After an initial custody determination is made, an alien may appeal the custody determination to an immigration judge, who is authorized "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released."[3] A determination made by an immigration judge may be further appealed to the Board of Immigration Appeals.[4]

Puzzlingly, Petitioner argues that he had no "opportunity to seek release or appear before an immigration judge to challenge his detention."[5] The record reflects, however, that an immigration judge held a hearing on April 1, 2026, and denied bond on the basis that Petitioner was a danger to the community.[6] Recognizing the mistake, Petitioner now makes conclusory allegations that the detention hearing was somehow constitutionally infirm,[7] with no factual allegations in support.

Under 8 U.S.C. § 1226(e), this Court does not have the authority to "set aside any action or decision by the Attorney General . . . regarding the detention of any alien or the revocation or denial of bond or parole." Additionally, the Court cannot review "any . . . decision or action of the Attorney General . . . the authority for which is specified . . . to be in the discretion of the Attorney General."[8] Therefore, the Court does not have the authority to review or set aside the decision to deny bond to Petitioner.

[2] 8 U.S.C. § 1226(a)(2)(A).
[3] 8 C.F.R. § 1236.1(d)(1).
[4] *Id.* § 1003.19(f).
[5] ECF. No. 1 at 11.
[6] ECF No. 3-3 at 1.
[7] ECF No. 5 at 3-4.
[8] 8 U.S.C. § 1252(a)(2)(B)(ii).

Because Petitioner is not entitled to release, the petition for a writ of habeas corpus [ECF No. 1] is **DENIED**. Any and all pending motions are **DENIED AS MOOT** and the Clerk shall **CLOSE THE CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 21, 2026.



**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**